IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELVIN RICARDO MOLINA MORILLO, | : | Civil No. 3:18-cv-412 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| CRAIG A. LOWE, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner, Kelvin Ricardo Molina Morillo, a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges his continued detention by ICE pending removal. (*Id.*). Petitioner seeks release from custody. (*Id.* at p. 10). For the reasons set forth below, the Court will deny the habeas petition.

I. **Background**

Petitioner, a native and citizen of the Dominican Republic, was admitted to the United States in 1993 as a lawful permanent resident. (Doc. 8-1, pp. 3-6, Record of Deportable/ Inadmissible Alien; Doc. 8-1, pp. 7-9, Notice to Appear).

On December 14, 2015, Petitioner was convicted of criminal possession of a forged instrument in the second degree, and bribery in the third degree. (Doc. 8-1, p. 9, Notice to Appear). Petitioner was sentenced to a term of imprisonment of one year or more. (*Id.*).

On April 1, 2016, based on Petitioner's conviction, ICE commenced removal proceedings against him charging him as removable from the United States pursuant sections 237(a)(2)(A)(ii) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") for his commission of two crimes involving moral turpitude and an aggravated felony relating to a bribery conviction. (Doc. 8-1, pp. 7-9, Notice to Appear). On April 25, 2017, Additional Charges of Inadmissibility/ Removability were lodged against Petitioner pursuant to INA § 237(A)(2)(A)(ii) based on an aggravated felony conviction involving fraud or deceit in which the loss to the victim exceeds $10,000.00. (Doc. 8-1, p. 10, Additional Charges of Inadmissibility/ Deportability).

On October 31, 2017, an Immigration Judge ordered Petitioner removed from the United States and denied his applications for relief from removal. (Doc. 8-1, p. 11, Order of the Immigration Judge).

Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). (Doc. 8, p. 3). On April 6, 2018, the BIA dismissed Petitioner's appeal. (*Id.*).

On April 16, 2018, Petitioner filed a petition for review before the Third Circuit Court of Appeals. (Doc. 8-1, pp. 12-15, Docket for *Molina Morillo v. Att'y Gen.*, No. 18-1839 (3d Cir.)). There is no stay in place to prevent immigration officials from effecting Petitioner's removal. (*Id.*).

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) specifically provides:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) and (6). However, in the instant action, Petitioner's detention falls within the ninety-day post order removal period set forth in 8 U.S.C. § 1231. Petitioner's ninety-day period of removal commenced on April 6, 2018 and expires on July 5, 2018. Consequently, his detention is mandatory pursuant to Section 1231 until July 5, 2018.

Furthermore, as stated, at the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§

3

1231(a)(3) & (6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." *Id.* at 701.

Following *Zadvydas*, regulations were promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

If, at the conclusion of the six-month period, the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable

4

future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In the matter *sub judice*, the presumptively reasonable six-month period has not yet commenced. Petitioner's continued detention after July 5, 2018 is presumptively reasonable for a six-month period. Petitioner may then request ICE to review his detention and may present evidence to support his claim that there is no significant likelihood of removal within the reasonably foreseeable future. If Petitioner is not satisfied with the agency's decision, he may then file a new habeas petition.

## III. Conclusion

Based on the foregoing, Petitioner's detention is mandatory until July 5, 2018, because he is within the ninety-day removal period pursuant to 8 U.S.C. § 1231(a)(2). Consequently, the petition for writ of habeas corpus will be denied.

A separate Order shall issue.

Date: May __1__, 2018

Robert D. Mariani
United States District Judge