# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELVIN RICARDO MOLINA MORILLO, | Civil No. 3:18-cv-412 |
| Petitioner | (Judge Mariani) |
| v. | |
| CRAIG A. LOWE, | |
| Respondent | |

## MEMORANDUM

### I. Background

On February 20, 2018, Petitioner Kelvin Ricardo Molina Morillo, a native and citizen of the Dominican Republic, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). At the time his petition was filed, Petitioner was detained at the Pike County Correctional Facility, in Lords Valley, Pennsylvania. (*Id.*).

On May 1, 2018, the Court denied the habeas petition because Petitioner's detention was within the ninety-day post order removal period set forth in 8 U.S.C. § 1231. (Docs. 9, 10). The Court noted that Petitioner's ninety-day period of removal commenced on April 6, 2018 and would expire on July 5, 2018. (*Id.*). Consequently, at that time, Petitioner's detention was mandatory pursuant to 8 U.S.C. § 1231 until July 5, 2018. (*Id.*). Petitioner subsequently filed a motion for reconsideration of the Court Order denying the habeas petition. (Doc. 11).

On August 6, 2018, Respondent filed a suggestion of mootness stating that Petitioner was removed from the United States on July 3, 2018. (Doc. 15, p. 2). Respondent argues that the habeas petition is therefore moot. (*Id.* at pp. 1-2). In an effort to ascertain the custodial status of Petitioner, the Court accessed the United States Immigration and Customs Enforcement Online Detainee Locator System, which revealed that Petitioner is no longer in the custody of that agency.[1] For the reasons set forth below, the Court will dismiss the habeas petition as moot.

## II. Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is deported, the petition becomes moot because the petitioner has achieved the relief sought. See *Tahic v. Holder*, 2011 U.S. Dist. LEXIS

---

[1] Upon entering Petitioner's alien registration number, 044132975, and his country of birth, Dominican Republic, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee.

2

49782, *3-4 (M.D. Pa. 2011); *Nguijol v. Mukasey*, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (dismissing the habeas petition as moot).

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. *See* (Doc. 1). Petitioner was removed from the United States on July 3, 2018. Because Petitioner has been released from ICE custody and removed from the United States, the petition no longer presents an existing case or controversy. *See Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4; *Sanchez v. AG*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Accordingly, the instant habeas corpus petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")).

A separate Order shall issue.

Date: August 6, 2018

Robert D. Mariani
United States District Judge

3